## In the Matter of The NONPAYMENT OF ATTORNEY REGISTRATION FEES.

### No. 94S00–0805–MS–285.

Supreme Court of Indiana.

July 17, 2008.

### *ORDER REINSTATING GREGORY M. NOLAN*

On May 21, 2008, this Court issued an order suspending certain attorneys from the practice of law in Indiana for failure to pay the annual registration fee required for them to be licensed to practice law in Indiana, or to file an exemption affidavit as contemplated by Indiana Admission and Discipline Rule 2. One of those attorneys was Mr. Gregory Nolan, attorney number 9968–98, a resident of Cheviot, Ohio, who has been licensed to practice law in Indiana since 1980, but whose license has been in "inactive" status for approximately 20 years.

Mr. Nolan informs the Court that he has been attempting to surrender his law license while in good standing for the last three years, but was told by staff in our Clerk's Office that he could not do so and

that the only way he could cease being licensed to practice law in Indiana would be to fail to pay his annual registration fee and thereby become suspended from the practice of law. Accordingly, this year he failed to pay his annual fee and has been suspended. He has expressed, however, a desire to relinquish his law license permanently while still in good standing.

Effective January 1, 2007, this Court amended the Indiana Admission and Discipline Rules to address situations like Mr. Nolan's. Specifically, we added Rule 2(L), which permits an attorney licensed in Indiana, who is: (a) in good standing, (b) current in payment of all applicable registration fees and other financial obligations, and (c) not the subject of an investigation into, or a pending proceeding involving, allegations of misconduct, to relinquish permanently his or her license to practice law by tendering an Affidavit of Permanent Withdrawal to the Executive Secretary of the Indiana Supreme Court Disciplinary Commission. Mr. Nolan failed to tender an Affidavit of Permanent Withdrawal as prescribed by Admission and Discipline Rule 2(L), presumably because he was unaware of it, and instead proceeded under the advice he received before Rule 2(L) was promulgated. Having done so, however, Mr. Nolan is now apparently ineligible to take advantage of Rule 2(L) because he currently is suspended from the practice of law in Indiana for nonpayment of the annual registration fee that was due on October 1, 2007 and the delinquency penalties that have accrued thereafter, *see* Ind. Admission and Discipline Rule 2(C), and therefore does not satisfy the eligibility requirements of Rule 2(L)

Having considered Mr. Nolan's unique circumstances, the Court ORDERS as follows. Mr. Nolan is hereby REINSTATED to the practice of law in Indiana on "inactive" status. Mr. Nolan shall have

twenty (20) days from the date of this order to file with the Executive Secretary of the Indiana Supreme Court Disciplinary Commission an Affidavit of Permanent Withdrawal from the practice of law in this State. The Executive Secretary shall promptly verify the eligibility of Mr. Nolan to resign under Rule 2(L). If Mr. Nolan is found eligible, the Clerk of this Court shall show on the roll of attorneys that Mr. Nolan has relinquished his license permanently and is no longer considered an attorney licensed to practice law in Indiana, and Mr. Nolan shall owe no registration fee for 2008 or penalties that have accrued for his nonpayment of his 2008 registration fee. If Mr. Nolan does not tender an Affidavit of Permanent Withdrawal by the deadline expressed in this order, or if the Executive Secretary finds Mr. Nolan ineligible to resign under Rule 2(L) for a reason other than his suspension for nonpayment of his 2008 fee and penalties, then Mr. Nolan's status shall be returned to "suspended" and he shall be required to comply with all applicable reinstatement procedures and pay all accrued fees and penalties to thereafter become reinstated.

The Clerk of this Court is directed to send a copy of this Order to Mr. Gregory M. Nolan; to the Executive Director of the Indiana Supreme Court Disciplinary Commission; to the Supreme Court Administrator; to the Clerk of the U.S. District Court for the Southern District of Indiana; and to the Clerk of the U.S. District Court for the Northern District of Indiana.